# STATE OF NORTH CAROLINA

**CABARRUS** _____ County

File No.
21 CV 002871

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>**KATHRYN GIBSON** | |
| *Address*<br>c/o: Law Offices of L. T. Baker, PA<br>141 Union Street South | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| *City, State, Zip*<br>Concord, NC 28025 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>**HOOVER TRANSPORTATION SERVICES, INC.**<br>**& MARION ALPHONSE JAMES** | *Date Original Summons Issued* |
| | *Date(s) Subsequent Summons(es) Issued* |

To Each Of The Defendant(s) Named Below:

| | |
|---|---|
| *Name And Address Of Defendant 1*<br>**HOOVER TRANSPORTATION SERVICES, INC.**<br>c/o KENNETH M. HOOVER, Registered Agent<br>8200 E. MAIN ST.<br>REYNOLDSBURG, OH 43068 | *Alternate Service Address*<br>**HOOVER TRANSPORTATION SERVICES, INC.**<br>c/o NC Secretary of State; Service of Process Agent<br>2 South Salisbury Street<br>Raleigh, NC 27601-2903 |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk to a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. **¡NO TIRE estos papeles!**
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | |
|---|---|
| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>**Lucas T. Baker**<br>**Brittany M. Love**<br>**Law Offices of L. T. Baker, PA**<br>**141 Union Street South**<br>**Concord, NC 28025** | *Date Issued* 9-7-21   *Time* 4:07  ☐ AM ☒ PM |
| | *Signature*<br>*[signature]* |
| | ☒ *Deputy CSC*  ☐ *Assistant CSC*  ☐ *Clerk Of Superior Court* |

| | |
|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement*   *Time*  ☐ AM ☐ PM |
| | *Signature* |
| | ☐ *Deputy CSC*  ☐ *Assistant CSC*  ☐ *Clerk Of Superior Court* |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

**CABARRUS** _____ County

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>**KATHRYN GIBSON**<br>*Address*<br>**c/o: Law Offices of L. T. Baker, PA**<br>**141 Union Street South**<br>*City, State, Zip*<br>**Concord, NC 28025** | **CIVIL SUMMONS**<br>☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**<br><br>G.S. 1A-1, Rules 3 and 4 |
| **VERSUS** | |
| *Name Of Defendant(s)*<br>**HOOVER TRANSPORTATION SERVICES, INC.**<br>**& MARION ALPHONSE JAMES** | *Date Original Summons Issued*<br>**8/17/2021**<br>*Date(s) Subsequent Summons(es) Issued* |

To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1*<br>**HOOVER TRANSPORTATION SERVICES, INC.**<br>**c/o KENNETH M. HOOVER, Registered Agent**<br>**8200 E. MAIN ST.**<br>**REYNOLDSBURG, OH 43068** | *Alternate Service Address*<br>**HOOVER TRANSPORTATION SERVICES, INC.**<br>**c/o NC Secretary of State; Service of Process Agent**<br>**2 South Salisbury Street**<br>**Raleigh, NC  27601-2903** |
|---|---|

**IMPORTANT!** You have been sued! These papers are legal documents, **DO NOT throw these papers out!** You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. **¡NO TIRE estos papeles!** Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)*<br>**Lucas T. Baker**<br>**Brittany M. Love**<br>**Law Offices of L. T. Baker, PA**<br>**141 Union Street South**<br>**Concord, NC 28025** | *Date Issued*<br>10·19·21 | *Time*<br>9:48 ☒ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

**CABARRUS** _____ County

| | |
|---|---|
| *File No.* | **21 CVS 002821** |

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
**KATHRYN GIBSON**

*Address*
**c/o Law Offices of L. T. Baker, PA**
**141 Union Street South**

*City, State, Zip*
**Concord, NC 28025**

### CIVIL SUMMONS
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

**VERSUS**

*Name Of Defendant(s)*
**HOOVER TRANSPORTATION SERVICES, INC.**
**& MARION ALPHONSE JAMES**

*Date Original Summons Issued*
**8/17/2021**

*Date(s) Subsequent Summons(es) Issued*
**10/18/2021**

To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Alternate Service Address* |
|---|---|
| **HOOVER TRANSPORTATION SERVICES, INC.**<br>**c/o KENNETH M. HOOVER, Registered Agent**<br>**8200 E. MAIN ST.**<br>**REYNOLDSBURG, OH 43068** | **HOOVER TRANSPORTATION SERVICES, INC.**<br>**c/o NC Secretary of State; Service of Process Agent**<br>**2 South Salisbury Street**<br>**Raleigh, NC 27601-2903** |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles!

Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing a copy to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)* | *Date Issued* | *Time* | |
|---|---|---|---|
| **Lucas T. Baker**<br>**Brittany M. Love**<br>**Law Offices of L. T. Baker, PA**<br>**141 Union Street South**<br>**Concord, NC 28025** | 1·18·22 | 10:08 ☒ AM ☐ PM | |
| | *Signature* | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA

CABARRUS COUNTY

FILED

2021 AUG 17 P 4:07

CABARRUS COUNTY, C.S.C.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.

KATHRYN GIBSON,

Plaintiffs, BY_____

- VS -

HOOVER TRANSPORTATION SERVICES,
INC. and MARION ALPHONSE JAMES,

Defendants.

C O M P L A I N T
Jury Trial Demanded

NOW COME Plaintiffs, by and through undersigned counsel, who aver as follows:

1.  Plaintiff is a citizen and resident of Cabarrus County, North Carolina.

2.  Defendant Hoover Transportation Services, Inc. (hereinafter Defendant HTSI) is a foreign corporation formed under the laws of the State of Ohio. At the time of the acts alleged herein Defendant HTSI was authorized to transact business in the State of North Carlina by the North Carolina Secretary of State. Upon information and belief, on or about May 26, 2021, Defendant HTSI's certificate of authority to conduct business in the State of North Carolina was revoked.

3.  Upon information and belief, at all times relevant herein, Defendant HTSI operated commercial enterprises engaged in the interstate transportation of commercial materials and property in portions of the United States including but not limited to the State of North Carolina.

4.  Upon information and belief, at all times relevant herein, Defendant HTSI employed truck drivers, safety directors and directors of operation. Said truck drivers, safety directors and directors of operation were employees and/or agents of Defendant HTSI at all times

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 4 of 22

relevant herein, and acted in the course and scope of such employment and/or agency relationship.

5. Upon information and belief, at all times relevant herein, Defendant HTSI, as a business entity, was controlled and operated by and through its officers, directors and management team. Further, upon information and belief, at all times relevant herein, Defendant HTSI acted and/or omitted to act by and through its officers, directors, and management team.

6. At all times relevant herein, Defendant HTSI was a motor carrier subject to regulation by the Federal Motor Carrier Safety Administration (FMCSA), and subject to compliance with relevant safety regulations promulgated and enacted by the FMCSA.

7. The following allegations are made in the alternative and upon information and belief:

    a. At all times relevant herein, Defendant HTSI, acting through its officers, directors, and management team, did not have reasonable and necessary policies and procedures in place to train, monitor, and/or discipline its truck drivers to ensure truck driver compliance with safety regulations promulgated by the FMCSA.

    b. At all times relevant herein, Defendant HTSI, acting through its officers, directors, and management team, did have reasonable and necessary policies and procedures in place to train, monitor, and/or discipline its truck drivers to ensure truck driver compliance with safety regulations promulgated by the FMCSA, but it did not properly and adequately enforce them.

    c. At all times relevant herein, Defendant HTSI, acting through its officers, directors, and management team, did not have reasonable and necessary

policies and procedures in place to train, monitor, and discipline its truck drivers to ensure truck driver compliance with safety regulations promulgated by the FMCSA, and further, what policies and procedures it had in place, if any, it did not properly and adequately enforce.

8. The following allegations are made in the alternative and upon information and belief:

   a. At all times relevant herein, Defendant HTSI, acting through its officers, directors, and management team, did not have an adequate safety program in place for the safety and protection of the motoring public.

   b. At all times relevant herein, Defendant HTSI, acting through its officers, directors, and management team, did have an adequate safety program in place for the safety and protection of the motoring public, but did not properly and adequately enforce it.

   c. At all times relevant herein, Defendant HTSI, acting through its officers, directors, and management team, did not have an adequate safety program in place for the safety and protection of the motoring public, and what safety program it did have in place, if any, it did not properly and adequately enforce it.

9. The following allegations are made in the alternative and upon information and belief:

   a. At all times relevant herein, Defendant HTSI, acting through its officers, directors, and management team, did not have adequate standards in place for the recruitment, hiring, and retention of employee truck drivers.

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 6 of 22

b. At all times relevant herein, Defendant HTSI, acting through its officers, directors, and management team, did have adequate standards in place for the recruitment, hiring, and retention of employee truck drivers, but did not properly and adequately apply and follow them.

c. At all times relevant herein, Defendant HTSI, acting through its officers, directors, and management team, did not have adequate standards in place for the recruitment, hiring, and retention of employee truck drivers, and what standards it did have in place, if any, it did not properly and adequately enforce.

10.     Upon information and belief, the aforementioned acts and omissions by Defendant HTSI was a pattern of conduct and omissions which preceded and ultimately contributed to motor vehicle collisions involving HTSI truck drivers and power units on the public interstates, highways and roads, including but not limited to a motor vehicle collision which occurred on August 22, 2013 in Anson County, North Carolina.

11.     Upon information and belief, Defendant Marion Alphonse James (hereinafter Defendant James) is a citizen and resident of Dillon County, South Carolina.

12.     Upon information and belief, on some date prior to August 22, 2013, Defendant HTSI employed and/or contracted with Defendant James to operate HTSI power units to transport commercial materials and property for profit.  Upon information and belief, the employment agreement and/or contract between Defendant HTSI and Defendant James called for Defendant James' services to be rendered for the benefit of Defendant HTSI, in exchange for which Defendant James would receive a wage or fee.

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 7 of 22

13. The following allegations are made in the alternative and upon information and belief:

    a.  At the time of commencement of the aforementioned employment agreement and/or contract, Defendant James had a documented history of a pattern of behavior indicating a propensity to drive in violation of safety regulations promulgated by FMCSA and other rules for safe operation imposed by law of which Defendant HTSI had actual knowledge.

    b.  At the time of commencement of the aforementioned employment agreement and/or contract, Defendant James had a documented history of a pattern of behavior indicating a propensity to drive in violation of safety regulations promulgated by FMCSA and other rules for safe operation imposed by law, of which Defendant HTSI could have and should have obtained knowledge.

14. The following allegations are made in the alternative and upon information and belief:

    a.  Following commencement of the aforementioned employment agreement and/or contract, Defendant James developed a pattern of behavior indicating a propensity to drive in violation of safety regulations promulgated by FMCSA and other rules for safe operation imposed by law of which Defendant HTSI had actual knowledge.

    b.  Following commencement of the aforementioned employment agreement and/or contract, Defendant James developed a pattern of behavior indicating a propensity to drive in violation of safety regulations promulgated by FMCSA

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 8 of 22

and other rules for safe operation imposed by law, of which Defendant HTSI could have and should have obtained knowledge.

15.    Upon information and belief, at all times relevant herein, Defendant James was an employee and/or agent of Defendant HTSI acting in the course and scope of his employment and/or agency relationship.

16.    On or about August 22, 2013 at approximately 3:15 p.m., Defendant James operated a commercial motor vehicle owned and maintained by Defendant HTSI on and along a stretch of highway on U.S. Highway 52, headed in a southbound direction, near Wadesboro in Anson County, North Carolina.

17.    Upon information and belief, Defendant HTSI had previously voluntarily given over possession of the aforementioned commercial motor vehicle to Defendant James for operation in the course and scope of his employment and/or agency with Defendant HTSI.

18.    The particular stretch of U.S. Highway 52 on which Defendant James operated Defendant HTSI's vehicle was between U.S. Highway 52's intersection with N.C. Secondary Road 1820 (commonly known as Air National Guard Road) and U.S. Highway 52's intersection with N.C. Secondary Road 1121 (commonly known as Camden Church Road), there being approximately 2.5 miles between the two intersections, with the stretch of highway beginning at or near the southern outskirts of Wadesboro, North Carolina.

19.    Along the aforementioned stretch of highway, U.S. Highway 52 was a two-lane paved road with no dividing median barrier. There was one lane for the northbound traffic and one lane for the southbound traffic. The speed limit was 55 miles per hour. The lines dividing the two lanes of travel were double solid yellow at certain portions of the stretch of highway, and

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 9 of 22

at other portions single yellow dashed and single yellow solid, and at other points single yellow dashed.

20.    Upon information and belief, Defendant James was in a hurry as he operated Defendant HTSI's motor vehicle along the aforementioned stretch of highway.

21.    As Defendant James operated Defendant HTSI's commercial motor vehicle on and along the aforementioned stretch of highway, he came up behind a Ford Expedition private passenger vehicle towing a camper, also traveling southbound on U.S. Highway 52. The Ford Expedition vehicle traveled at a reasonable, lawful, and safe speed, at or below the speed limit of 55 miles per hour.

22.    At or around the intersection of U.S. Highway 52 and N.C. Secondary Road 1121 (commonly known as Old U.S. Highway 52), Defendant James began to pass the Ford Expedition vehicle on the left, in the northbound lane of travel. At or around the place where Defendant James began the passing maneuver was a sign which read "Pass With Care."

23.    Upon information and belief, when Defendant James pulled into the northbound lane of U.S. Highway 52 to pass, he had a clear, unobstructed view of the roadway and oncoming traffic for a distance of at least 3,000 feet, up to the crest of a hill, at the base of which flowed the North Fork of Jones Creek. Upon information and belief, at the place and time where Defendant James first began his attempt to pass, he could see traffic coming toward him, down the hill, in the northbound lane of travel.

24.    The following allegations are made in the alternative and upon information and belief:

   a.  At the time that Defendant James began to pass the Ford Expedition, he knew with substantial certainty that the pass could not be completed with safety.

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 10 of 22

b. At the time that Defendant James began to pass the Ford Expedition, he did not know with substantial certainty that the pass could not be completed with safety due to his incompetence as a commercial truck driver.

c. At the time that Defendant James began to pass the Ford Expedition, he knew with substantial certainty that the pass could not be completed with safety, but due to his incompetence as a commercial truck driver, he continued the passing maneuver.

25. Upon information and belief, in the process of passing the Ford Expedition, Defendant James accelerated Defendant HTSI's commercial motor vehicle to speeds of at least 65 miles per hour, and upon information and belief, in excess of 65 miles per hour. Further, upon information and belief, Defendant James was traveling in excess of 55 mph when he first came up behind the Ford Expedition.

26. Upon information and belief, as Defendant James continued his attempt to pass the Ford Expedition, it became apparent to him that if he did not merge back into the southbound lane of U.S. Highway 52, he would collide with the oncoming traffic in the northbound lane. When Defendant James merged back into the southbound lane of U.S. Highway 52, he cut the Ford Expedition off, causing the Ford Expedition to lose control and run off of the roadway to the right, striking a guardrail approximately 250 feet in length, running along U.S. Highway 52's intersection with the North Fork of Jones Creek.

27. After striking the guardrail to the right, the Ford Expedition then careened over into and across the northbound lane of U.S. Highway 52, striking the guardrail nearest the northbound lane of travel, which ran opposite and parallel to the aforementioned guardrail on the right.

28.     The Ford Expedition ultimately came to rest facing South, up against the guardrail nearest the northbound lane of travel of U.S. Highway 52, with the camper it towed overturned and lying across both the northbound and southbound lanes of the highway.

29.     The aforementioned passing maneuver by Defendant James was sudden, without warning, and occurred in a brief period of time.

30.     Upon information and belief, Defendant James did not sound his horn before or during the aforementioned passing maneuver.

31.     When Defendant James attempted to pass, the operator of the Ford Expedition vehicle applied the brakes to slow the Ford Expedition and give way to the passing commercial motor vehicle operated by Defendant James. Upon information and belief, Defendant James cut the Ford Expedition off before there was time to safely slow the vehicle.

32.     Defendant James did not pass with care on the occasion hereinabove described.

33.     Defendant James was charged with unsafe movement by investigating law enforcement officer Trooper C.A. Huneycutt of the North Carolina Highway Patrol for his acts and omissions alleged herein. On October 28, 2013, Defendant James pled responsible to this charge in the District Court for Anson County, North Carolina, as appearing of record with the Clerk of Superior Court for Anson County, North Carolina in Criminal District Court File No. 13 IF 701394.

34.     Plaintiff was a passenger in the Ford Expedition Vehicle. Plaintiff sustained injury during the aforementioned collision.

35.     Plaintiff was a minor at the time of the injury.

36.     Plaintiff has never had a Guardian ad Litem or any other form of guardian appointed by any Court.

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 12 of 22

37.     Since the date of the aforementioned collision and resultant injury up to and including the day before Plaintiff's eighteenth (18th) birthday she lacked capacity due to minority.

38.     This action is filed on or before the Plaintiff turning twenty-one (21) years of age and is therefore not barred by any applicable statute of limitations.

## FIRST CAUSE OF ACTION
### AGAINST DEFENDANT JAMES
### (NEGLIGENT AND GROSSLY NEGLIGENT OPERATION)

39.     All allegations set forth herein are incorporated by reference into this Claim for Relief.

40.     Upon information and belief, the conduct of Defendant James as alleged herein was in violation of the motor vehicle laws of the State of North Carolina, specifically Chapter 20, Article 3, Part 10, entitled "Operation of Vehicles and Rules of the Road", and more specifically in violation of one or more of the following:

a.    N.C. Gen. Stat. § 20-140(a), which provides that "[a]ny person who drives any vehicle upon a highway . . . carelessly and heedlessly in willful or wanton disregard of the rights or safety of others shall be guilty of reckless driving.";

b.    N.C. Gen. Stat. § 20-140(b), which provides that "[a]ny person who drives any vehicle upon a highway . . . without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving.";

c.    N.C. Gen. Stat. § 20-141(a), which provides that "[n]o person shall drive a vehicle on a highway . . . at a speed greater than is reasonable and prudent under the conditions then existing.";

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 13 of 22

d. N.C. Gen. Stat. § 20-141(b)(2), which provides that "it shall be unlawful to operate a vehicle in excess of . . . [f]ifty-five miles per hour outside municipal corporate limits . . . .";

e. N.C. Gen. Stat. § 20-141(j1), which provides that "a person who drives a vehicle on a highway at a speed that is either more than 15 miles per hour more than the speed limit established by law for the highway where the offense occurred . . . is guilty of a Class 3 misdemeanor.";

f. N.C. Gen. Stat. § 20-141.6, which provides that "[a]ny person who operates a motor vehicle on a street, highway, or public vehicular area is guilty of aggressive driving if the person . . . [v]iolates . . . G.S. 20-141 . . . and . . . [d]rives carelessly and heedlessly in willful or wanton disregard of the rights or safety of others.";

g. N.C. Gen. Stat. § 20-149(a), which provides that "[t]he driver of any such vehicle overtaking another vehicle proceeding in the same direction shall pass at least two feet to the left thereof, and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle.";

h. N.C. Gen. Stat. § 20-150(a), which provides that "[t]he driver of a vehicle shall not drive to the left side of the center of a highway, in overtaking and passing another vehicle proceeding in the same direction, unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety.";

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 14 of 22

i. N.C. Gen. Stat. § 20-154(a), which provides that "[t]he driver of any vehicle upon a highway . . . before starting, stopping or turning from a direct line shall first see that such movement can be made in safety . . . ."; and

j. Other violations of the Motor Vehicle Law of the State of North Carolina as the evidence may show.

41. Upon information and belief, the conduct of Defendant James as alleged herein was in violation of the Common Law of the State of North Carolina requiring the exercise of ordinary care, and more specifically one or more of the following:

a. The duty of the operator to keep a safe and proper lookout;

b. The duty of the operator to maintain the vehicle under safe and proper control;

c. The duty of the operator to sound the horn of his vehicle when overtaking and passing another vehicle;

d. Other violations of the Common Law of the State of North Carolina as the evidence may show.

42. Upon information and belief, the conduct of Defendant James as alleged herein was in violation of safety regulations promulgated by the FMCSA, and more specifically one or more of the following:

a. 49 C.F.R. § 383.110, which provides that "[a]ll drivers of [commercial motor vehicles] [(CMVs]), must have the knowledge and skills necessary to operate a CMV safely . . . .";

b. 49 C.F.R. § 383.111, setting forth the required knowledge of commercial motor vehicle (CMV) operators;

c. 49 C.F.R. § 383.113, setting forth the required skills of CMV operators;

- 12 of 19 -

d. 49 C.F.R. § 392.2, which provides that "[e]very commercial motor vehicle must be operated in accordance with the laws . . . of the jurisdiction in which it is being operated."; and

e. Other violations of safety regulations promulgated by the FMCSA as the evidence may show.

43. Defendant James' acts and omissions as alleged herein were negligent, reckless, grossly negligent, wanton, and likely to result in harm, manifesting a conscious and intentional disregard of and indifference to the rights and safety of others.

44. Defendant James' acts and omissions as alleged herein in fact caused injury to the Plaintiff.

45. Injury, death, property damage, and/or consequences of a general injurious and harmful nature reasonably could have been and should have been foreseen (or alternatively, and upon information and belief, were in fact foreseen) by Defendant James to result from his acts and omissions as alleged herein.

## SECOND CAUSE OF ACTION
### AGAINST DEFENDANT HTSI
### (VICARIOUS LIABILITY PURSUANT TO THE COMMON LAW DOCTRINES OF RESPONDEAT SUPERIOR AND/OR AGENCY)

46. All allegations set forth herein are incorporated by reference into this Claim for Relief.

47. Defendant James' tortious acts and omissions are imputable to Defendant HTSI under the common law doctrines of non-delegable duty, *respondeat superior*, actual agency, implied agency, apparent agency, and otherwise as by law provided.

## THIRD CAUSE OF ACTION
### AGAINST DEFENDANT HTSI
### (INSTITUTIONAL NEGLIGENCE AND GROSS NEGLIGECE)

- 13 of 19 -

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 16 of 22

48.     All allegations set forth herein are incorporated by reference into this Claim for Relief.

49.     Upon information and belief, the conduct of Defendant HTSI as alleged herein was in violation of the Common Law of the State of North Carolina requiring the exercise of ordinary care, and more specifically by acting or omitting to act in accordance with one or more of the following duties:

a.  The duty to have reasonable policies, procedures, and criteria in place for the hiring, training, supervision and retention of its drivers;

b.  The duty to have reasonable policies and procedures in place to mandate compliance by its drivers with statutes, laws, and regulations regarding the operation of motor vehicles, generally, and specifically in regard to the States in which it knew or reasonably should have known its drivers would operate;

c.  The duty to have a legally sufficient and reasonable safety program in place for the safety and protection of the motoring public;

d.  The duty to apply and enforce its own policies and procedures, safety plans, and other internal rules consistently and effectively;

e.  The duty to hire and retain only properly qualified drivers with the requisite training, skill and judgment which would enable the driver to navigate a commercial motor vehicle in a safe and effective manner;

f.  The duty to entrust its commercial motor vehicles for operation on the public interstates, highways and roads only to competent, safe drivers, and more specifically in regard to this duty, Plaintiff alleges the following on information and belief:

    i. Defendant HTSI owned the vehicle operated by Defendant James as alleged herein;

    ii. Defendant HTSI voluntarily gave over possession of its commercial motor vehicle to Defendant James as alleged herein;

    iii. Defendant James was an incompetent and/or habitually careless and/or a reckless driver, likely to cause injury to others in operating a commercial motor vehicle;

    iv. At the time that Defendant HTSI gave over possession of its commercial motor vehicle to Defendant James, it knew, or in the exercise of ordinary care should have known, that Defendant James was an incompetent and/or habitually careless and/or a reckless driver, likely to cause injuries to others in operating said commercial motor vehicle; and

    v. Defendant James' operation of Defendant HTSI's commercial motor vehicle as described herein was a proximate cause of injury to the Plaintiff.

g. The duty to properly and adequately investigate Defendant James' driving record and/or ability to drive to ensure that the Defendant James possessed the requisite skill, attention and judgment to maintain control of and ability to drive a commercial motor vehicle;

h. The duty to provide sufficient, adequate and current training, to ensure its drivers could safely and properly operate a commercial motor vehicle;

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 18 of 22

i. Other duties that a reasonably prudent trucking company or transportation business would have followed under the same or similar circumstances which the evidence may raise or implicate.

50. Upon information and belief, the conduct of Defendant HTSI as alleged herein was in violation of safety regulations promulgated by the FMCSA, and more specifically one or more of the following:

a. 49 C.F.R. § 390.11, which provides that "[w]henever . . . a duty is prescribed for a driver or prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition.";

b. 49 C.F.R. § 391.11, which provides that "a motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.";

c. 49 C.F.R. § 391.23, outlining the minimum investigations and inquiries into the qualifications of a commercial motor vehicle driver;

d. 49 C.F.R. § 391.25, outlining the minimum frequency of continued inquiry into and review of a driver's driving record;

e. 49 C.F.R. § 392.1, stating that "[e]very motor carrier, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers, shall be instructed in and comply with . . ." the rules set forth in Part 392, Subchapter B, Chapter III, Subtitle B of Title 49 of the Code of Federal Regulations; and

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 19 of 22

f.  Other violations of safety regulations promulgated by the FMCSA as the evidence may show.

51.  Defendant HTSI's acts and omissions as alleged herein were negligent, reckless, grossly negligent, wanton, and likely to result in harm, manifesting a conscious and intentional disregard of and indifference to the rights and safety of others.

52.  Defendant HTSI's acts and omissions as alleged herein in fact caused injury to the Plaintiff.

53.  Injury, death, property damage, and/or consequences of a general injurious and harmful nature reasonably could have been and should have been foreseen (or alternatively, and upon information and belief, were in fact foreseen) by Defendant HTSI to result from its acts and omissions as alleged herein.

## PLAINTIFF'S DAMAGE CLAIMS
## (ACTUAL AND PUNITIVE DAMAGES)

54.  All allegations set forth herein are incorporated by reference into this Claim for Relief.

55.  As a direct and proximate result of the tortious acts and omissions of the Defendants, Plaintiff has sustained, and upon information and belief, will continue to sustain general damages.

56.  To the extent Plaintiff has incurred or will incur into the future any special damages proximately caused by the Defendant's negligence, plaintiff claims said damages as well and will seek to amend her Complaint to allege said damages with specificity at the appropriate time.

57.  Pursuant to N.C. Gen. Stat. § 1D-1, *et seq.*, Plaintiff claims punitive damages against Defendant James, in an amount in excess of $25,000.00. The aggravating factor on

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 20 of 22

which Plaintiff relies to support her claim for punitive damages against Defendant James is "willful or wanton conduct" pursuant to N.C. Gen. Stat. § 1D-5(7).

58.     Pursuant to N.C. Gen. Stat. § 1D-1, *et seq.*, Plaintiff claims punitive damages against Defendant HTSI, in an amount in excess of $25,000.00. The aggravating factor on which Plaintiff relies to support her claim for punitive damages against Defendant HTSI is "willful or wanton conduct" pursuant to N.C. Gen. Stat. § 1D-5(7).

WHEREFORE, Plaintiff respectfully prays unto the Court for the following relief:

A.     That Plaintiff have and recover of the Defendants, jointly and severally, judgment for actual or compensatory damages in an amount in excess of $25,000.00;

B.     That Plaintiff have and recover of Defendant James a judgment for punitive damages in an amount in excess of $25,000.00;

C.     That Plaintiff have and recover of Defendant HTSI a judgment for punitive damages in an amount in excess of $25,000.00;

D.     That Plaintiff recover of the Defendants, jointly and severally, judgment for her costs in prosecuting this action as by law provided;

E.     That there be a trial by jury on all issues so triable in this civil action;

F.     That the Court grant unto the Plaintiff such other and further relief as the Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Case 1:22-cv-00206   Document 1-1   Filed 03/16/22   Page 21 of 22

This the **17th** day of __*August*__, 2021.

LAW OFFICES OF L. T. BAKER, P.A.

By: _____

Lucas T. Baker
State Bar No. 37484
Brittany M. Love
State Bar No. 44762
*Counsel for the Plaintiff*
141 Union St. South
Concord, NC 28025
(704) 782-0911 – telephone
(704) 782-0912 – facsimile
Rule 5 email: mailbox@ltbaker.com